NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

TRAILS AT AMBER RIDGE HOMEOWNERS ASSOCIATION, *Plaintiff*,

v.

GERARDO MACIAS, *Defendant/Appellee*.

———————————————

MARICOPOLY LLC, *Intervenor/Appellee*.

———————————————

WINDTBERG LAW PLC, et al., *Appellants*.

———————————————

No. 1 CA-CV 25-0867

FILED 07-10-2026

———————————————

Appeal from the Superior Court in Maricopa County
No. CV2017-092698
The Honorable Brian Kaiser, Judge *Pro Tempore*

**VACATED**

———————————————

COUNSEL

Windtberg Law, PLC, Phoenix
By Marc Windtberg
*Counsel for Appellants*

Law Offices of Kyle A. Kinney, PLLC, Scottsdale
By Kyle A. Kinney
*Counsel for Intervenor/Appellee*

---

**MEMORANDUM DECISION**

---

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Michael J. Brown joined.

---

**P A T O N**, Judge:

¶1            Marc Windtberg and Windtberg Law, PLC (collectively "the Windtberg parties"), appeal the superior court's order to return $37,916.36 in excess proceeds to the Maricopa County Superior Court Clerk of Court. For the following reasons, we vacate the order.

## FACTS AND PROCEDURAL HISTORY

¶2            In May 2017, Trails at Amber Ridge Homeowners Association (the "Association") sought to foreclose on its lien against Gerardo Macias's home (the "Property"). The court foreclosed Macias's interests in the Property via a sheriff's sale, which left nearly $60,000 in excess sale proceeds ("excess proceeds") after the Association's lien was satisfied.

¶3            Maricopoly moved to intervene as a real party in interest to the judicial foreclosure and asserted a claim to the excess proceeds. Another lienholder, the Arizona Home Foreclosure Prevention Funding Corporation ("AZ Home"), objected and argued it was entitled to the excess proceeds.

¶4            Maricopoly filed an amended application for distribution of the excess proceeds. After briefing and oral argument, the court found Maricopoly was entitled to the excess proceeds. AZ Home and Macias appealed the judgment. On appeal, we found Maricopoly was not entitled to the excess proceeds because it did not establish it had an equitable assignment of senior lien rights, and we vacated and remanded for further proceedings. *Ariz. Home Foreclosure Prevention Funding Corp. v. Maricopoly LLC*, No. 1 CA-CV 20-0254, 2021 WL 1098578, at *1, ¶ 1 (Ariz. App. March 23, 2021).

¶5            AZ Home applied for release of the excess proceeds in the amount of $21,902.81, which the superior court granted. Maricopoly appealed, and we affirmed. *See Trails at Amber Ridge Homeowners Ass'n v. Macias*, No. 2 CA-CV 2022-0096, 2022 WL 10208498, at *3, ¶ 12 (Ariz. App. Oct. 17, 2022).

¶6          Macias then moved for release of the remaining $37,916.36 in excess proceeds after AZ Home received its distribution. The court granted Macias's motion, and the remaining funds were deposited in his client trust account with Windtberg Law, PLC. Maricopoly appealed this order as well.

¶7          We vacated the superior court's order awarding Macias the excess proceeds and ordered Macias to return the excess proceeds to the clerk of court. *Macias v. Maricopoly, LLC*, No. 1 CA-CV 23-0624, 2024 WL 2831842, at *1, ¶ 1 (Ariz. App. June 4, 2024). In August 2024, the superior court, responding to our mandate, ordered Macias to return the excess proceeds, deliver the same to the clerk of court, and pay Maricopoly's attorneys' fees and costs on appeal.

¶8          The next month, Maricopoly filed a motion to compel and asked the court to set an order to show cause hearing ("OSC hearing") because Macias did not return the excess proceeds. Macias appeared at the hearing and told the court that Windtberg was never his attorney and he did not know who Windtberg was. Windtberg was not present at the OSC hearing, so the court continued it, and ordered Maricopoly's counsel to personally serve Windtberg with notice of the next scheduled hearing. Windtberg moved to withdraw as Macias's counsel, arguing he had no contact with Macias for over a year, and requesting to be excused from the OSC hearing. The court denied Windtberg's motion.

¶9          Windtberg also moved to quash the order to show cause and vacate the finding that he failed to appear, arguing he could not appear as "both counsel for Mr. Macias and as a witness in [the] proceeding" and that he did not receive sufficient notice. Accordingly, the superior court issued another minute entry, finding his failure to appear was excused because he lacked notice.

¶10          Maricopoly then moved to join the Windtberg parties and Rook Foreclosure Solutions, LLC ("RFS") as necessary parties to compel them to return the excess funds. Maricopoly argued the Windtberg parties used the excess funds to pay their own attorneys' fees in the amount of $36,177.21 and pay non-lawyer RFS a "fund finder" fee of $2,500 for soliciting Windtberg as counsel. Maricopoly argued that based on Macias's contingency fee agreement, the Windtberg parties were only entitled to payment of attorneys' fees if Macias was successful in his excess proceeds claim, which he was not.

¶11          The court granted Maricopoly's motion to join the Windtberg parties and RFS, finding the motion was unopposed and ordering

Windtberg to return $37,916.36 to the clerk of court. Windtberg then moved to vacate the court's order granting Maricopoly's motion to join them, arguing the court did not give them the opportunity to defend against Maricopoly's allegations, they were never summoned to appear, and no action or claim was asserted against them.

¶12     The court held a hearing on the motion to vacate the joinder order in September 2025. Windtberg argued joinder was not a procedurally appropriate mechanism to assert a claim against himself and the firm. The court responded that Windtberg received the motion, and it did not understand why Windtberg waited until an order was entered before responding because doing so left Maricopoly's motion to join them uncontested.

¶13     Windtberg further argued that he disbursed the excess proceeds to his firm to fulfill Macias's contractual obligation to pay attorneys' fees. Windtberg also contended that RFS gave him authority to apply the excess funds to the outstanding balance owed to the firm.

¶14     After oral argument on Windtberg's motion to vacate the joinder order, the court found the Windtberg parties did not receive proper notice of Maricopoly's motion to join them, vacated its order joining them, and ordered Windtberg to return the excess proceeds to the clerk of court. Windtberg deposited $37,916.36 with the clerk of court to avoid being held in contempt but appealed the order. We stayed the appeal pending entry of the signed order, which the superior court entered in December 2025.

**DISCUSSION**

¶15     Because the Windtberg parties were not named in Maricopoly's disgorgement request, we must first examine our own jurisdiction to consider the merits of this appeal. *See Musa v. Adrian*, 130 Ariz. 311, 312 (1981) (the appellate court has an independent duty to determine whether it has jurisdiction). In general, a person who is not a party to an action cannot appeal from its adverse findings. *See* ARCAP 1(d) (limiting right of appeal to an aggrieved party). But we "ha[ve] held that a non-party with a 'direct, substantial[,] and immediate' interest who 'would be benefitted by reversal of the judgment' is entitled to appeal." *MCA Fin. Grp. Ltd. v. Enter. Bank & Tr. ("MCA")*, 236 Ariz. 490, 494, ¶ 8 (App. 2014). The Windtberg parties are aggrieved non-parties with direct and substantial interests in the superior court's order requiring them to return the excess proceeds. We therefore have jurisdiction to consider their appeal under Arizona Revised Statutes ("A.R.S.") Section 12-2101(A)(4).

**¶16** According to the Windtberg parties, the superior court lacked jurisdiction to order them, as non-parties, to return the excess proceeds to the clerk of court. Maricopoly responds that "[t]he [s]uperior [c]ourt simply ordered Windtberg to pay the money he stole from his client instead of his client . . . who no longer had the proceeds and never authorized the release of those proceeds." Maricopoly further contends that the superior court "retained inherent supervisory authority" to enforce this Court's mandate that Windtberg return the excess proceeds. We review a superior court's exercise of personal jurisdiction de novo. *MCA*, 236 Ariz. at 493, ¶ 7.

**¶17** "It is well established that a court may in the exercise of its summary jurisdiction compel an attorney to pay over or account for moneys or property belonging to his client." *Brown v. Superior Court*, 78 Ariz. 120, 123 (1954). In *Brown*, the husband had paid his wife's attorneys' fees during the parties' dissolution proceeding. *Id.* at 121-22. The question before our supreme court was whether the superior court had jurisdiction to order the wife's attorney to pay the attorneys' fees back to the husband. *Id.* at 121. The court reasoned that while a court may exercise summary jurisdiction to order an attorney to pay or account for monies belonging to his own client, a court does not have jurisdiction to order an attorney to pay monies to someone the attorney does not have an attorney-client relationship with. *Id.* at 122-23. Because the wife's attorney did not have an attorney-client relationship with the husband, the superior court did not have jurisdiction to order the wife's attorney to disgorge payment back to the husband. *Id.* at 123.

**¶18** Likewise, here, we previously held that the excess proceeds did not belong to Macias, which led to the superior court ordering Macias to return them to the clerk of court. *Macias*, 2024 WL 2831842, at *1, ¶ 1. The superior court, however, ordered Windtberg, not Macias, to "return the excess proceeds in the amount of $37,916.36" to the clerk of court for distribution to Maricopoly. But Windtberg did not have an attorney-client relationship with Maricopoly, and so the superior lacked personal jurisdiction over the Windtberg parties to order them to return the money to Maricopoly.

**¶19** Similarly, in *MCA*, we considered whether a court had jurisdiction to order a third party to disgorge fees paid to it. 236 Ariz. at 492, ¶ 1. There, a lender requested a receiver be appointed when the borrower defaulted on its loan obligations. *Id.* at ¶ 2. An individual working for MCA was appointed as the receiver, but he later left the firm. *Id.* at ¶¶ 3-4. When the individual filed his receivership report, the lender objected and requested MCA disgorge the fees paid to it because the

individual's fees were excessive. *Id.* at 493, ¶ 5. MCA argued it was a non-party who had never been joined in the lawsuit. *Id.* Although the individual who worked for MCA served as the receiver, MCA itself did not serve as the receiver. *Id.* The superior court nevertheless ordered MCA to disgorge over $100,000 in fees to the lender. *Id.* We found the superior court lacked jurisdiction over MCA because it was not served, did not have a full opportunity to contest the allegations against it, and had never served as the named receiver in the lawsuit. *Id.* at 495-96, ¶¶ 12, 15.

¶20 Here, Windtberg was the attorney of record for Macias. But like appellant in *MCA*, he was not given proper notice of Maricopoly's motion to join himself and his law firm as necessary parties to the action. And while the court initially granted Maricopoly's motion to join Windtberg, it later vacated its order after finding the Windtberg parties were not given proper notice. Because the Windtberg parties lacked proper notice of the action and were never properly joined, the superior court did not have jurisdiction to order them to disgorge the excess funds. Given our ruling that the superior court lacked jurisdiction to order Windtberg to return the funds to Maricopoly, we need not resolve the other issues the Windtberg parties raise on appeal.

¶21 Both parties request attorneys' fees on appeal under Section 12-349. In the exercise of our discretion, we decline both parties' requests. As the prevailing party, the Windtberg parties are entitled to their costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21(b).

## CONCLUSION

¶22 For the foregoing reasons, we vacate the superior court's order requiring Windtberg to return $37,916.26 excess proceeds to the Maricopa County Clerk of the Court for distribution to Maricopoly.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR

6